FILED

July 26 2011

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA



DA 10-0631

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 177N

STATE OF MONTANA,

        Plaintiff and Appellee,

v.

CHARLES DAVID STAMBAUGH,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DC-10-69
Honorable Michael C. Prezeau, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Charles David Stambaugh (Self-Represented), Libby, Montana

        For Appellee:

            Steve Bullock, Montana Attorney General, Matthew T. Cochenour,
Assistant Attorney General, Helena, Montana

            Bernie Cassidy, Lincoln County Attorney, Robert Slomski, Deputy
County Attorney, Libby, Montana

Submitted on Briefs:  June 22, 2011

Decided:  July 26, 2011

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Charles Stambaugh (Stambaugh) was charged with Driving Under the Influence of Alcohol (DUI) in violation of § 61-8-401, MCA, and speeding in violation of § 61-8-309, MCA. On December 17, 2010, a Lincoln County jury found Stambaugh guilty of both charges. On December 20, 2010, the Nineteenth Judicial District Court fined Stambaugh and sentenced him to 180 days in the Lincoln County Detention Facility, with 165 of those days suspended. Stambaugh appeals his convictions. We affirm.

## ISSUES

¶3 Stambaugh presents six issues on appeal. However, we decline to address four of the six issues because Stambaugh has failed to preserve them for appeal, either because they are issues raised for the first time on appeal, *see State v. Pol*, 2008 MT 352, ¶ 16, 346 Mont. 322, 195 P.3d 807, or they are issues presented without citations to authority, in violation of M. R. App. P. 12(1)(f). *See DuBray v. State*, 2008 MT 121, ¶ 30, 342 Mont. 520, 182 P.3d 753. The only issues properly preserved for appeal are whether the District Court abused its discretion when it denied Stambaugh's motion for court-appointed counsel that was filed nine days prior to trial, and whether the State presented sufficient evidence to convict Stambaugh of DUI and speeding.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶4　On November 14, 2009, Deputy Travis Smith of the Lincoln County Sheriff's Department was patrolling Highway 2 near Libby, Montana. At approximately 7:45 p.m. Smith observed a white Toyota passenger vehicle turn onto Highway 2 from Bowker Road, traveling towards Smith. Smith activated his front and rear facing radars when he observed the vehicle accelerating rapidly. Smith obtained a reading of 63 mph, which is 13 mph over the posted speed limit.

¶5　Smith turned his patrol vehicle around and caught up to the Toyota to initiate a traffic stop. At that point, the Toyota pulled into Atkins Truck Stop and stopped at a gas pump. Smith activated his overhead lights; however, the driver got out of the Toyota and quickly walked into the truck stop. Smith followed the driver into the truck stop and made contact with the driver, Stambaugh, by the snack section. Smith observed that Stambaugh smelled of alcohol and had red, glassy eyes. Smith told Stambaugh that he needed to speak with him outside. Stambaugh grabbed a bag of puffy Cheetos and approached the counter to pay for the dangerously cheesy snack. Before Smith could stop him, Stambaugh opened the bag of Cheetos he had just purchased and stuffed an "extremely large handful" of the cheese that goes crunch into his mouth. As Smith and Stambaugh proceeded outside, Smith observed Stambaugh stumble and stagger.

¶6　Once outside, Smith informed Stambaugh why he had stopped him and attempted to ask Stambaugh some questions. However, Smith could not understand most of Stambaugh's answers because Stambaugh continued to shovel large handfuls of Cheetos into his mouth. At this point, Smith realized that the stop was going to be a DUI

3

investigation rather than just a speeding stop, so he activated his personal recorder. The audio recording establishes that Stambaugh's speech was very slurred, that he was uncooperative during the investigation, and that he would not relinquish the Cheetos.

¶7 Smith arrested Stambaugh for DUI and transported him to the Lincoln County Detention Facility (LCDF) after being able to successfully administer only one of the three standard field sobriety tests (FSTs). Once at LCDF, Smith took Stambaugh to the DUI processing room, where he asked Stambaugh to perform the FSTs and to submit to a breath test. Stambaugh failed the FSTs and ultimately refused to provide a breath sample. Smith turned Stambaugh over to LCDF.

¶8 On November 16, 2009, Stambaugh was arraigned in the Lincoln County Justice Court and charged with DUI, second offense, in violation of § 61-8-401(1)(a), MCA, and speeding, in violation of § 61-8-309, MCA. Stambaugh pled not guilty and requested a jury trial. He also requested an attorney and the court appointed a public defender. James Reintsma appeared on behalf of Stambaugh on November 23, 2009. Three months later, on February 16, 2010, Stambaugh moved to dismiss his attorney, indicating that he would represent himself. On March 3, 2010, the Justice Court cautioned Stambaugh of the risks of representing himself, which Stambaugh acknowledged and Stambaugh signed a waiver of right to counsel. Stambaugh did not request another attorney throughout the Justice Court proceedings. On August 17, 2010, a unanimous jury found Stambaugh guilty of DUI and speeding. He appealed to the District Court. Stambaugh did not request counsel for his appeal and continued to represent himself throughout the District Court proceedings.

4

¶9 On December 8, 2010, nine days before his District Court trial and after representing himself for over ten months, Stambaugh filed a motion for court-appointed counsel and he stated that "due to circumstances beyond my control, financially securing counsel for my defense cannot be attained." The District Court denied Stambaugh's motion, stating that Stambaugh had discharged his public defender without seeking a replacement and had voluntarily represented himself throughout the proceedings up until "slightly more than one week" prior to his scheduled trial. The court further noted that the State's witnesses had been subpoenaed, jurors had been summoned, and the prosecutor was leaving office at the end of the year. The District Court concluded that appointing new counsel would result in further delay without good cause. Ultimately, on December 17, 2010, the jury found Stambaugh guilty of DUI and speeding. The District Court sentenced Stambaugh, but stayed the sentence pending appeal. Stambaugh timely appeals.

## STANDARDS OF REVIEW

¶10 We review for abuse of discretion a district court's ruling on a request for new counsel. *State v. Dethman*, 2010 MT 268, ¶ 11, 358 Mont. 384, 245 P.3d 30. We review the sufficiency of evidence underlying a criminal conviction in the light most favorable to the prosecution to determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Larson*, 2004 MT 345, ¶ 52, 324 Mont. 310, 103 P.3d 524. We review a jury's verdict to determine whether it is supported by sufficient evidence, not whether there was sufficient evidence to support a different verdict. *Larson*, ¶ 52.

5

**DISCUSSION**

¶11 *Issue One: Did the District Court abuse its discretion when it denied Stambaugh's motion for court-appointed counsel that was filed nine days prior to trial?*

¶12 Criminal defendants are guaranteed the right to effective assistance of counsel through the Sixth Amendment to the United States Constitution and Article II, Section 24 of the Montana Constitution. *Dethman*, ¶ 15. "[I]ndigent defendants are entitled to representation by appointed counsel at the public's expense." *Dethman*, ¶ 15 (internal citations omitted). "Once counsel has been appointed and is rendering effective assistance, an indigent defendant 'has the choice of (1) continuing with counsel so appointed, or (2) having his counsel dismissed and proceeding on defendant's own, *pro se*.' " *Dethman*, ¶ 15 (quoting *State v. Craig*, 274 Mont. 140, 149, 906 P.2d 683, 688 (1995)).

¶13 Here, Stambaugh was appointed counsel at the public's expense after the State charged him with DUI and speeding. Three months later, Stambaugh dismissed his public defender stating he did not consider his public defender to be sufficient counsel. Stambaugh did not request new counsel and affirmatively chose to represent himself, as is his right. Stambaugh was explicitly informed of the risks of self-representation. At no time did Stambaugh argue that his original appointed public defender was rendering ineffective assistance of counsel.

¶14 Almost ten months later, after representing himself without complaint through the Justice Court proceedings and through all of the pretrial proceedings in District Court, Stambaugh requested new appointed counsel stating that his financing had fallen through.

6

The court denied his motion, stating that to grant it would cause further delay and Stambaugh had not demonstrate good cause as to why he now needed appointed counsel. Based on the record presented, and that the right to effective assistance of counsel does not include the right to counsel of the defendant's choosing upon demand when there is no assertion that the original appointed counsel was ineffective, we conclude the District Court did not abuse its discretion by denying Stambaugh's motion for new counsel.

¶15 *Issue Two: Did the State present the jury with sufficient evidence to find Stambaugh guilty of DUI and speeding?*

¶16 Stambaugh asserts that the State failed to prove beyond a reasonable doubt that he committed the crimes for which he was convicted—DUI and speeding. Section 61-8-401(1)(a), MCA, states that it is illegal to "drive or be in actual physical control of a vehicle upon the ways of this state open to the public" while under the influence of alcohol. Stambaugh asserts that the State could not prove he was in actual control of the vehicle. However, Smith's testimony establishes that he maintained visual contact with Stambaugh's vehicle from the moment it turned onto Highway 2 until it stopped at the truck stop and Stambaugh emerged. Smith testified he knew Stambaugh was driving because he watched Stambaugh get out of the vehicle and he followed Stambaugh into the store. A reasonable trier of fact could conclude from this evidence that Stambaugh was driving or in actual physical control of his vehicle.

¶17 Furthermore, the jury was also presented with evidence that Stambaugh smelled of alcohol, had glassy, red eyes, and stumbled when he walked. The jury heard audio evidence of Stambaugh's slurred speech and saw video evidence of him perform poorly

on the FSTs. Finally, the jury heard testimony that Smith observed Stambaugh traveling 63 mph in an area with a posted speed limit of 50 mph. Viewing all of this evidence in the light most favorable to the prosecution, we conclude the State presented the jury with sufficient evidence to find beyond a reasonable doubt that Stambaugh was guilty of DUI and speeding.

## CONCLUSION

¶18    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court did not abuse its discretion in denying Stambaugh's motion for new appointed counsel and the State presented sufficient evidence to the jury to convict Stambaugh of DUI and speeding.

¶19    Affirmed.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JIM RICE

8